PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JESUS RAMSES COTA VERDUGO,<br><br>                    Defendant. | CASE NO. 1:23-CR-00090-1-ADA-BAM<br><br>**STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME ORDER**<br><br>Date: September 27, 2023<br>Time: 1:00 p.m.<br>Honorable Barbara A. McAuliffe |

The United States of America, by and through Phillip A. Talbert, United States Attorney, and Arin C. Heinz, Assistant United States Attorney, and the defendant, by and through Mr. Patrick S. Aguirre, his attorney of record, hereby stipulate to continue the status conference in this case from September 27, 2023 until December 13, 2023 at 1:00 p.m.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

1  basis of his findings that the ends of justice served by taking such action outweigh the best interest of the

2  public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is

3  excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or

4  finding that the ends of justice served by the granting of such continuance outweigh the best interests of

5  the public and the defendant in a speedy trial."  *Id.*

6        This Court should consider the following case-specific facts in finding excludable delay

7  appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If

8  continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611

9  F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

10       The parties request that time be excluded between July 12, 2023 until September 27, 2023 for the

11  following reasons:

12       1.  On May 12, 2023 Mr. Aguirre was appointed to represent Mr. Verdugo. Discovery was

13           electronically produced to Mr. Aguirre on May 17, 2023. Mr. Aguirre had technical

14           issues with accessing the discovery provided and additional troubleshooting was required

15           for him to access the discovery. On May 24, 2023, Mr. Aguirre sent a discovery letter to

16           the United States and the United States reviewed and responded. The discovery in this

17           case consists of investigative reports, an interview of the defendant, bodycam, and

18           photos. Its total size is 7 GB.

19       2.  Mr. Aguirre has met with his client and is continuing to review and assess the discovery.

20           In addition, he requires additional time to do his own investigation into the charges in the

21           indictment.

22       3.  The Government is in the process of providing additional discovery to the defense that

23           the Government received from state law enforcement. The discovery consists of three

24           extractions from the defendant's phones that were recovered from his person, and jail call

25           recordings the defendant has made while in custody. The size of the discovery is 80 GB.

26           The Government is awaiting receipt of a thumbdrive from the defense counsel to provide

27           the discovery to the defense. Once the defense receives the evidence, the defense will

28           need time to review the additional discovery and conduct additional investigation.

4. The Government provided a defense with a plea offer and the parties are in active discussions regarding potential resolution of this case.

5. The Government does not oppose the requested continuance.

6. The proposed status conference date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and the need for preparation in the case and further investigation.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: September 19, 2023

PHILLIP A TALBERT
United States Attorney

/s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

DATED:  September 19, 2023

/s/*Patrick S. Aguirre*
PATRICK S. AGUIRRE
Attorney for Defendant Verdugo

3

1

## ORDER

IT IS HEREBY ORDERED that the status conference in this case be continued from September 27, 2023, until **December 13, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 27, 2023, until December 13, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **September 20, 2023**          _/s/ Barbara A. McAuliffe_

UNITED STATES MAGISTRATE JUDGE