PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RAMSES COTA VERDUGO,<br><br>Defendant. | CASE NO. 1:23-CR-00090-NODJ-BAM<br><br>**STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME ORDER**<br><br>Date: February 28, 2024<br>Time: 1:00 p.m.<br>Honorable Barbara A. McAuliffe |

The United States of America, by and through Phillip A. Talbert, United States Attorney, and Arin C. Heinz, Assistant United States Attorney, and the defendant, by and through Mr. Patrick S. Aguirre, his attorney of record, hereby stipulate to vacate the status conference scheduled for February 28, 2024, and schedule a change of plea for March 4, 2024.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

STIPULATION TO CONTINUE STATUS CONFERENCE     1

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

    This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

    The parties request that time be excluded between February 28, 2024 until March 4, 2024 for the following reasons:

1. On May 12, 2023 Mr. Aguirre was appointed to represent Mr. Verdugo. Discovery was electronically produced to Mr. Aguirre on May 17, 2023. Mr. Aguirre had technical issues with accessing the discovery provided and additional troubleshooting was required for him to access the discovery. On May 24, 2023, Mr. Aguirre sent a discovery letter to the United States and the United States reviewed and responded. The discovery in this case consists of investigative reports, an interview of the defendant, bodycam, and photos. Its total size is 7 GB.

2. Mr. Aguirre has met with his client and is continuing to review and assess the discovery. In addition, he requires additional time to do his own investigation into the charges in the indictment.

3. The Government is in the process of provided additional discovery to the defense that the Government received from state law enforcement on October 13, 2023. The discovery consists of three extractions from the defendant's phones that were recovered from his person, and jail call recordings the defendant has made while in custody. The size of the discovery is 80 GB. Defense counsel is in the process of reviewing these phone extractions.

4. The Government provided a defense with a plea offer and the parties are in active

STIPULATION TO CONTINUE STATUS CONFERENCE    2

discussions regarding potential resolution of this case. The parties discussed the terms of the plea offer and have reached an agreement; however, Mr. Aguirre requires additional time to discuss the plea offer with his client.

5. The Government does not oppose the requested continuance.

6. The proposed status conference date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and the need for preparation in the case and further investigation.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: February 20, 2024	PHILLIP A TALBERT
	United States Attorney

	/s/ *Arin C. Heinz*
	ARIN C. HEINZ
	Assistant United States Attorney

DATED:  February 20, 2024	/s/*Patrick S. Aguirre*
	PATRICK S. AGUIRRE
	Attorney for Defendant Verdugo

///
///
///
///
///

STIPULATION TO CONTINUE STATUS CONFERENCE        3

## ORDER

IT IS HEREBY ORDERED that the status conference set for February 28, 2024 be vacated and a change of plea be scheduled for **March 4, 2024 at 8:30 a.m. in Courtroom 5 before the District Court Judge**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 28, 2024, at 1:00 p.m. until March 4, 2024 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **February 20, 2024**              /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE